CHICAGO COIN METER COMPANY, Plaintiff-Appellee, *v.* THE CITY OF ROLLING MEADOWS *et al.,* Defendants-Appellants.

(No. 56418;

First District—June 28, 1972.

Moriarty, Rose & Hultquist, of Chicago, (Donald M. Rose and Joseph M. Ladd, of counsel,) for appellants.

Henehan, Donovan & Isaacson, of Chicago, (Edward V. Donovan, Jr. and Paul F. Conarty, of counsel,) for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

Defendant, City of Rolling Meadows, appeals from a judgment entered in the Circuit Court of Cook County granting summary judgment in

favor of the plaintiff. The court also permanently enjoined defendant from enforcing certain licensing sections of the Code of Ordinances of the City of Rolling Meadows against the plaintiff.

The issues presented for review are: (1) whether the trial court erred in finding, as a matter of law, that plaintiff is not operating a laundry within the meaning of Illinois Revised Statutes, ch. 24, par. 11—42—8, and the Code of Ordinances of the City of Rolling Meadows, ch. 12, pars. 12—529 and 12—530; (2) whether the trial court erred in granting plaintiff's motion for summary judgment; and (3) whether the trial court erred in denying defendant's motion for summary judgment.

Plaintiff, Chicago Coin Meter Company, a corporation, is engaged in the business of providing coin-operated washing and drying machines to the owners of apartment complexes which it installs in pre-existing space set aside and equipped for such use in the common areas of such apartment complexes. The plaintiff retains ownership and maintenance of these machines.

In the course of its business, the plaintiff entered into a contract with the owners of an apartment complex located at 2230 Algonquin Road in the City of Rolling Meadows. Under the terms of the contract, the owners of the apartment complex received $7.50 per month from the coins deposited in each machine, while the plaintiff received the balance over and above that amount. The contract further requires the owner of the building to provide the electricity and hot and cold water necessary to operate the machines, to regulate the hours when such machines are available for use by the tenants in the building, and to maintain the room in which the machines are located in a clean and healthful condition. Plaintiff's contract with the owner of the building specifically requires the owner to restrict the use of the machines which plaintiff has installed to residents of the building.

At the time plaintiff installed the machines in the apartment building at 2230 Algonquin Road, the Code of Ordinances of the City of Rolling Meadows contained the following provisions:

Section 12—529 *License Required; Application*

"No person, firm or corporation shall operate or conduct a laundry in the city without having first obtained a license therefor; provided that establishments licensed as dry-cleaning establishments need not obtain a laundry license in addition to the dry-cleaning license. Applications for such licenses shall be made in writing to the city clerk and shall state thereon the location intended to be occupied." Ord. No. 158, Section 2, 1—10—61.

Section 12—530 *License Fee*

"The annual fee for laundry licenses shall be fifty dollars ($50.00)

and no licenses shall be issued except on the payment of the fee." Ord. No. 158, Section 2, 1—10—61.

The provisions set out were passed by the Rolling Meadows City Council pursuant to the authorization of Illinois Revised Statutes, ch. 24, par. 11—42—8, which provides, in part, as follows:

"The corporate authorities of each municipality may locate and regulate the use and construction of * * * laundries * * *."

Plaintiff did not secure from the Rolling Meadows City Clerk a business license to operate or conduct a laundry, nor did it pay the prescribed $50.00 license fee. When the defendant threatened plaintiff with prosecution for its alleged violations of Sections 12—529 and 12—530, plaintiff filed suit in the Circuit Court of Cook County to enjoin the City of Rolling Meadows, its mayor and police chief from attempting to enforce those sections of the ordinance against it and paid the $50.00 license fee pursuant to court order. Subsequently, the defendant refunded this license fee. After both sides had moved for summary judgment on the pleadings and on an agreed stipulation of facts, the court found that plaintiff was not operating a laundry within the meaning of that term as contained in Illinois Revised Statutes, ch. 24, par. 11—42—8, or within the meaning of that term as contained in Sections 12—529 and 12—530 of the Code of Ordinances of the City of Rolling Meadows. In light of this finding, the court granted summary judgment in favor of the plaintiff. The court also issued a permanent injunction against the defendant, thereby denying enforcement of Sections 12—529 and 12—530 of the Code of Ordinances of the City of Rolling Meadows. Defendant therefore appeals from these findings of the Circuit Court.

■■ The first issue presented for review is whether the trial court erred in finding, as a matter of law, that plaintiff is not operating a laundry within the meaning of Illinois Revised Statutes, ch. 24, par. 11—42—8, and the Code of Ordinances of the City of Rolling Meadows, ch. 12, pars. 12—529 and 12—530.

Defendant contends the trial court's interpretation that plaintiff is not operating a laundry is in error. Defendant bases this contention on the legislative purpose of both the statutory section herein involved and the ordinances passed pursuant to it. Defendant claims the purpose of these sections is to protect the health, safety and welfare of the residents of the city by elimination, to the extent licensing permits, of the hazards attendant to the commercial preparation of dirty clothes by those whose primary interest is profit. The argument defendant attempts to carry through from this contention is that plaintiff is engaged in the business of leasing washing and drying machines for profit and such business must

necessarily be termed a laundry and subject to the appropriate licensing ordinance.

We reject defendant's contention as being without merit. We find no fault with defendant's concern for the health, safety and welfare of its citizens, and the necessity to regulate certain businesses to preserve the same; however, such concern is limited to those businesses which service the general public, not a situation as presented in the instant case, wherein the plaintiff leases washing and drying machines to the owners of an apartment complex for the private use of the tenants of the building where the machines are located. The fact that plaintiff is involved in such business for profit has little relevance as to whether the plaintiff should be required to be licensed. We therefore believe the trial court did not err in its finding that plaintiff was not operating a laundry within the meaning of the statute and ordinances herein involved.

■■ The second issue presented for review is whether the trial court erred in granting summary judgment to the plaintiff. Defendant contends the trial court erred in granting the plaintiff's motion for summary judgment. Any argument defendant puts forth in support of this contention necessarily relies on this court accepting defendant's claim that plaintiff is operating a laundry within the meaning of both the relevant statutory section and those ordinances passed pursuant to it. We rejected this contention previously and, therefore, reject it as to the instant issue. We believe the trial court properly granted summary judgment in favor of the plaintiff.

In light of the findings on the first two issues presented in the instant case, it follows the denial of the defendant's motion for summary judgment was correct.

For the reasons stated herein, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.